UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CARLOS O. GARZA,

    Plaintiff,

v.                                       Case No. 12-C-1056

WAUTOMA AREA SCHOOL DISTRICT,

    Defendant.

**DECISION AND ORDER DENYING MOTION FOR RECONSIDERATION**

On July 1, 2013, Defendant Wautoma Area School District filed a motion for summary judgment. Under the local rules, a response to such a motion must be filed within thirty days of service of the motions and supporting materials. Civil L.R. 56(b)(2). Rule 6 of the Federal Rules of Civil Procedure governs the calculation of time for filing pleadings and motions. Rule 6(d) provides that an additional three days is allowed where service is by electronic means.

Applying the rules here, thirty days from July 1, 2013, would be July 31, 2013. Adding the three days allowed under Rule 6(d) would mean Plaintiff's response to Defendant's motion was due August 3, 2013, a Saturday. When a filing period ends on a Saturday, Sunday or legal holiday, the period continues to run until the same time on the next day that is not a Saturday, Sunday or legal holiday. Fed. R. Civ. P. 6(a)(2)(C). Thus, under the foregoing rules, Plaintiff's response to Defendant's motion would have been due on Monday, August 5, 2013.

On August 2, 2013, counsel for Defendant filed a letter stating that the parties had stipulated to service via electronic case filing in their Rule 26(f) Report and had waived the three day extension under Rule 6(d). Thus, Defendant argued that Plaintiff's opposition materials were due

on July 31, 2013. Since they had not arrived by that date, counsel for Defendant argued that the motion was ready for consideration at that time.

On August 5, 2013, Plaintiff filed his opposition to Defendant's motion, along with a motion for an extension of time. The motion for extension of time noted that counsel was new to the firm and the case was reassigned to him on July 15, 2013, after the scheduling conference. Further, counsel indicates that he was not aware of the stipulation waiving the three day extension under Rule 6(d), and instead had calculated that his response was due August 5, 2013. Noting that he had no reason to review the Rule 26(f) report filed by the parties more than six months earlier, counsel asserted any untimeliness on his part was the result of excusable neglect.

Upon reviewing Plaintiff's motion for an extension of time and counsel's declaration in support thereof, the court concluded that no reasonable person would object to the motion and, therefore, promptly entered a brief order on the docket granting it on August 6, 2013. Counsel for Defendant immediately filed a motion for reconsideration, supported by a four-page brief, asking the court to reconsider its order on the ground that Plaintiff's counsel had not shown excusable neglect. Plaintiff fired back a four-page response. In order to avoid any further waste of time and resources, the court will again promptly address the issue, this time in more detail.

The court remains convinced that the Order extending Plaintiff's time to respond should be granted. In fact, the court finds the motion and order to have actually been unnecessary. Plaintiffs filing was timely under the applicable rules. While it may have violated the agreement of the parties, the agreement is not incorporated into any order entered by the court. The court is unaware of any rule requiring that it strike a response to a motion for summary judgment because it was untimely under an agreement reached by the parties. Even if the agreement had been incorporated into an order of the court, the result would be the same.

2

The standard for what constitutes "excusable neglect" was set out in *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380 (1993). *See also United States v. Cates*, 716 F.3d 445, 448 (7th Cir. 2013). Under *Pioneer*, the test as to what constitutes excusable neglect is an "equitable one," taking account of "all relevant circumstances surrounding the party's omission." *Pioneer*, 507 U.S. at 395. The factors to be balanced in making this equitable determination include "the danger of prejudice [to the non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer*, 507 U.S. at 395.

Applying these factors, I conclude that Plaintiff's allegedly late filing was the result of excusable neglect. Plaintiff's response was filed on August 5, within the time normally proscribed by the federal rules of procedure, which indicates that he was proceeding in good faith to timely file his response. It is only the parties' agreement that has altered the application of Rule 6(d), not any order of the court. As noted above, it is not surprising that Plaintiff's counsel did not take the time to review all of the documents previously filed in the case to see whether such a waiver existed. Nor would it surprise the court to learn that previous counsel did not recall that six months earlier there was included in a joint report to the court a provision agreeing to waive the three-day extension that would otherwise apply to filings. Moreover, the length of delay was negligible. There is no indication that Plaintiff's oversight was the result of bad faith, as opposed to understandable inadvertence. The degree of inadvertence shown here is paltry compared to other situations where courts have found an attorney's missteps to constitute excusable neglect. *See, e.g., American Knights of Ku Klux Klan v. City of Auburn, Ind.*, 179 F.R.D. 228, 230-31 (N.D. Ind. 1997) (excusing late filing of response even in the case where the court found the attorney's misreadings

3

and misunderstandings of the federal and local rules "surprising"); *see also Crue v. Aiken*, 370 F.3d 668, 680-81 (7th Cir. 2004) (attorney's accidental miscalculation of period by one day under Rule 54 constituted excusable neglect where attorney acted in good faith and error did not prejudice opposing party). Finally, Defendant will not suffer any prejudice as a result of the short delay. To even things out, Defendant may take advantage of the three-day extension allowed by Rule 6(d) to file its reply. In any event, the motion for reconsideration is **denied**.

**SO ORDERED** this   7th   day of August, 2013.

 s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court